**NOT FOR PUBLICATION**

## In the

## United States Court of Appeals

## For the Eleventh Circuit

---

No. 25-13051

Non-Argument Calendar

---

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

JEAN HENRY,

*Defendant-Appellant.*

---

Appeal from the United States District Court

for the Southern District of Florida

D.C. Docket No. 1:99-cr-00003-WPD-17

---

Before JILL PRYOR, NEWSOM, and BRANCH, Circuit Judges.

PER CURIAM:

Jean Henry, proceeding pro se, appeals the denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). The government moved for summary affirmance in response. It

maintains that it is clearly right as a matter of law that the district court properly denied Henry's motion.  In support, it argues that (1) the district court did not abuse its discretion in balancing the § 3553(a) factors and concluding that they did not favor relief, (2) Henry did not show error in the district court's rejection of his danger to the community argument, and (3) Henry failed to establish extraordinary and compelling reasons for a reduction.  The government also argues that we need only agree with any one of these three arguments to hold that the district court's denial of § 3582(c)(1)(A) relief was proper.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1161–62 (5th Cir. 1969).  We hold pro se pleadings to a "less stringent" standard than those drafted by licensed attorneys and "liberally" construe them. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

We review whether a defendant is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) de novo. *United States v. Giron*, 15 F.4th 1343, 1345 (11th Cir. 2021).  Once we know the defendant is eligible, we then review the district court's denial of the petitioner's § 3582(c)(1)(A) motion for abuse of discretion. *Id.*  Abuse

of discretion occurs if the district court applies an incorrect legal standard, follows improper decision-making procedures, makes clearly erroneous factual findings, or commits a clear error of judgment. *United States v. Harris*, 989 F.3d 908, 911–12 (11th Cir. 2021). And though district courts must explain their decisions "adequately enough to allow for meaningful appellate review," district courts generally have "a 'range of choice'" in sentencing decisions. *See Giron*, 15 F.4th at 1345 (quoting *Harris*, 989 F.3d at 912).

Pursuant to § 3582(c)(1)(A), the district court can modify a sentence if (1) "after considering the factors set forth in section 3553(a) to the extent that they are applicable," it (2) finds that "extraordinary and compelling reasons warrant such a reduction," and that (3) the reduction would be "consistent with applicable policy statements issued by the Sentencing Commission[.]" *See* 18 U.S.C. § 3582(c)(1)(A). Here, the "applicable policy statement[]" appears at U.S.S.G. § 1B1.13, which lists six categories of circumstances that may constitute "extraordinary and compelling reasons" for compassionate release, in addition to the separate requirement that the defendant not be a "danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)[.]" *See* U.S.S.G. § 1B1.13(a)(2), (b)(1)–(6).

This three-part test does not require that the district court make the three findings in any particular order. *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021). In other words, a district court need not find "extraordinary and compelling reasons"

for release *before* considering the § 3553(a) factors or § 1B1.13's policy statement. *Id.* Instead, if any one of these three "necessary conditions" are not satisfied, the court may deny relief. *See id.* As such, if the § 3553(a) factors do not favor a sentence reduction under § 3582(c)(1)(A), the district court properly denies relief regardless of the § 1B1.13 policy statement or any "extraordinary and compelling reasons." *Id.* at 1239.

Section 3553(a)'s "statutory command" is that any sentence must be "sufficient, but not greater than necessary, to comply with the purposes" of punishment. *Hewitt v. United States*, 606 U.S. 419, 435 (2025) (citing 18 U.S.C. § 3553(a)). These purposes include the need "to reflect the seriousness of the offense," deter criminal conduct, "protect the public" from the defendant's future crimes, and provide the defendant with needed training or treatment. 18 U.S.C. § 3553(a)(2)(A)–(D). In imposing a particular sentence, the court must also consider the offense's "nature and circumstances," the defendant's "history and characteristics," the "kinds of sentences available," the applicable guideline range, Sentencing Commission policy statements, "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," and "the need to provide restitution to any" of the defendant's victims. *Id.* § 3553(a)(1), (3)–(7).

In determining whether compassionate release is warranted under the § 3553(a) factors, the district court need not address each of the statutory factors or all the mitigating evidence. *See Tinker*,

25-13051          Opinion of the Court          5

14 F.4th at 1241. "Instead, an acknowledgement by the district court that it considered the § 3553(a) factors and the parties' arguments is sufficient." *Id.* "A sentence may be affirmed so long as the record indicates that the district court considered 'a number of the factors' such as the 'nature and circumstances of the offense,' the defendant's history of recidivism, and the types of sentences available." *Id.* (quoting *United States v. Dorman*, 488 F.3d 936, 944–45 (11th Cir. 2007)). The district court can also decide what weight to give to any given § 3553(a) factor, in its "sound discretion[.]" *Id.* (quoting *United States v. Croteau*, 819 F.3d 1293, 1309 (11th Cir. 2016)). Abuse of discretion occurs if the district court "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *Id.* (quoting *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc)).

Here, the government is clearly right as a matter of law that Henry fails to show an abuse of discretion in the district court's weighing of the § 3553(a) factors as a necessary element of his § 3582(c)(1)(A) claim. The district court's order was sufficient under our precedent because it expressly stated that it had considered the applicable factors at § 3553(a) and the mitigating evidence. *See Tinker*, 14 F.4th at 1241. Nothing more than this "acknowledgement" was required of it. To the extent that Henry asserts that it was required to discuss each factor or otherwise weigh them equally, he is wrong on both counts. *See id.* (stating that the district court may decide what weight to give to any given § 3553(a) factor

in its "sound discretion" and that it need not address "each" of the factors or "all" of the mitigating evidence).  Instead, the court below exercised its "sound discretion" to stress two relevant factors, respect for the law and deterrence at § 3553(a)(2)(A) and (a)(2)(B), respectively.  *Croteau*, 819 F.3d at 1309.  Based on its concerns with Henry's extensive criminal history and the violent nature of his underlying offense, it ultimately concluded that relief was inappropriate even if an extraordinary and compelling reason was established.  This analysis did not fail to weigh a required factor under our precedent, but merely emphasized two of several.  *See Tinker*, 14 F.4th at 1241; *Irey*, 612 F.3d at 1189.

Accordingly, absent any separate argument that the district court considered an improper factor or committed a clear error of judgment, the government is clearly correct as a matter of law that Henry failed to identify an abuse of discretion in the district court's § 3553(a) analysis.  *Groendyke Transp., Inc.*, 406 F.2d at 1161–62.  Therefore, because one of the three elements of § 3582(c)(1)(A) was not met, the government is clearly right as a matter of law that the district court's denial of Henry's motion for compassionate release was proper.  We need not reach the separate issues of Henry's danger to the community and his extraordinary and compelling reasons for relief.  Thus, we GRANT the government's motion for summary affirmance.

**AFFIRMED.**